UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
ANTHONY V. GENTILE,

                       Plaintiff,

           – against –

AMERICAN EXPRESS COMPANY,
AMERICAN EXPRESS NATIONAL BANK,
ZWICKER & ASSOCIATES, PROVEST, LLC,
FEISAL ABDERAHMAN, LETISHA NOEL,
ESQ., and JASON P. VERHAGEN, ESQ.,

                       Defendants.
---------------------------------------------------------X

**REPORT AND RECOMMENDATION**
**21 CV 7210 (LDH)(LB)**

**BLOOM, United States Magistrate Judge:**

Plaintiff Anthony Gentile brings this *pro se* case alleging defendants violated his rights under the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692 *et seq*. Amended Compl. ¶¶ 43-52, ECF No. 18-4. Plaintiff seeks damages in the amount of $100,000.00. Id. ¶ 52. Plaintiff filed his Amended Complaint in New York State Supreme Court, Kings County on December 21, 2021, and defendants, American Express Company, American Express National Bank, Zwicker & Associates, P.C., Letisha Noel, Esq., and Jason P. Verhagen, Esq., removed this case to this Court on December 31, 2021, based on federal question jurisdiction. ECF No. 1. Plaintiff moves to remand this action back to state court, for a second time. ECF No. 17. The Honorable LaShann DeArcy Hall referred plaintiff's motion to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). For the reasons set forth below, it is respectfully recommended that plaintiff's motion should be denied.

**BACKGROUND AND PROCEDURAL HISTORY**

This is the second time plaintiff's state court case has been removed to federal court. Plaintiff's current claims arise from the improper service of process in a consumer debt collection action brought against plaintiff by American Express National Bank, a defendant herein, in New York State Court. Amended Complaint, ECF No. 1, 117-130 at ¶¶ 22-27. Plaintiff states that the debt collection action brought against him was ultimately dismissed for improper service of process. Id. at ¶ 34. Plaintiff alleges that the improper service of process in the debt collection action against him violated his rights under the FDCPA and other state laws. ECF No. 18-4.

Plaintiff began this action by filing a Summons with Notice in Kings County Supreme Court on December 19, 2020, alleging, among other things, that defendants violated his rights under of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 *et seq*. ECF No. 18-1. Upon receiving the Summons with Notice, Defendants[1] removed the matter to federal court based on the alleged violations of the federal statute. [2] ECF No. 18 at 1.

The first removal was uncontested by plaintiff. However, as only a Summons with Notice had been filed in state court, plaintiff then filed his complaint, which omitted any federal law claim. The action was therefore remanded to Kings County Supreme Court for lack of subject matter jurisdiction. ECF No. 18-3.

Once in state court, plaintiff again amended his Complaint, adding back his claims against defendants under the FDCPA. ECF No. 18-4 at ¶¶ 43-52. Defendants[3] again removed this action

---

[1] American Express Company, American Express National Bank, Jason P. Verhagen, Esq., Letisha Noel, Esq., and Zwicker & Associates, P.C. ("American Express defendants").
[2] The first removal was assigned Docket No. 21-CV-2392
[3] American Express defendants.

on December 31, 2021, based on plaintiff's claims against defendants under the FDCPA. ECF No. 1.

Plaintiff now moves to remand the action to state court. ECF No. 17. In support of his motion, plaintiff files his declaration, ECF No, 17-1, and a Memorandum of Points and Authorities. ECF No. 17-2. Defendants oppose plaintiff's motion to remand.[4] ECF Nos. 18, 19. Plaintiff replied to defendants' oppositions. ECF Nos. 20, 21.

## DISCUSSION

### I.    Removal under 28 U.S.C. §§ 1441, 1446

Any civil action brought in state court that could have originally been brought in federal court may be removed by the defendants. 28 U.S.C. §1441(a). Federal district courts have original jurisdiction of all civil actions arising under the laws of the United States. 28 U.S.C. §1331. The procedure for removal is set forth in 28 U.S.C. §1446, which requires a removing defendant to file a notice of removal in the district court. 28 U.S.C. §1446(a).

### II.    Analysis

Defendants' Notice sets forth the grounds for removal. ECF No. 1 at 3. Defendants state that the Court has federal question jurisdiction over the action because plaintiff's Amended Complaint alleges defendants violated the FDCPA. ECF No. 18-4 ¶¶ 43-52. Plaintiff does not contest the Court's jurisdiction over the subject matter of the instant action. ECF No. 20-1 at 1. Instead, plaintiff argues that defendants' removal is procedurally improper. Id; ECF No. 17-2 at 1.

---

[4] Defendants Provest, LLC and Feisal Abderahman filed their opposition separately from the American Express defendants.

First, plaintiff argues the removal constitutes a review of the prior remand order in violation of 28 U.S.C. § 1447. Second, plaintiff argues the removal violates the prohibition against successive removals. ECF No. 17-2 at 1-2.

28 U.S.C. § 1447(d)'s bar on reviewability applies only to successive removals *on the same grounds*. Fouad v. Milton Hershey School and School Trust, 523 F.Supp.3d 648, 654 (S.D.N.Y 2021). Likewise, the general rule against successive removals is also limited to removals on the same grounds. St. Paul & C.R. Co. V. McLean, 108 U.S. 212, 217 (1883).

Defendants' instant removal is not a successive removal on the same ground. Thus, it is not barred by Section 1447 or the general prohibition on successive removals. "Different ground refers to the pleading or event that made the case removable, not the Defendants' theory of federal jurisdiction." Fouad, 523 F.Supp.3d at 659. Defendants' second removal is based on plaintiff's Amended Complaint, which was filed after this action was remanded, whereas defendants' first removal was based on plaintiff's Notice with Summons.

The Court further notes that the original remand in this action was not based on an improper removal. Defendants properly removed the matter within the timeframe identified by Section 1446(b)(1). ECF No. 18 at 1. The Court remanded the action when plaintiff filed his Complaint omitting any federal law claims. See ECF Nos. 18-2, 18-3. Plaintiff states he did not have enough time to include the federal claims in his initial Complaint because he was unfamiliar with the law. ECF No. 20-1 at 3-4.  The fact that plaintiff only included the federal claims in his Amended Complaint after remand provides sufficient "different grounds" for defendants' instant removal. Thus, the removal is not barred by Section 1447(d) or the prohibition on successive removals.

Next, plaintiff argues defendants did not follow the appropriate removal procedure, violating 28 U.S.C. § 1446, ECF No. 17-2 at 2. The entire procedure for removal is set forth in Section 1446. Plaintiff argues that the second removal does not fall under §1446(b)(3) because the initial pleading was removable and §1446(b)(3) only permits removal after an amended complaint when the initial pleading is not removable. ECF No. 17-2 at 2. Therefore, plaintiff argues, the second removal falls under § 1446 (b)(1) and is untimely because it was filed more than thirty days after the Summons with Notice. Id.

Defendants removed this case ten days after plaintiff filed his Amended Complaint in state court, within the thirty-day period provided by 28 U.S.C. § 1446(b)(3). Plaintiff's reading of the rule is incorrect and would result in an absurd outcome. Defendants removed the action within thirty days after the pleading permitted defendants to ascertain removability. The legislative history of § 1446 "reflects a clear concern for ensuring that a defendant 'know[ ] what the suit is about' before triggering the removal clock." Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 204 (2d Cir. 2001) (quoting Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 119 (1999)). Defendants' removal of plaintiff's Amended Complaint was timely.

Finally, plaintiff argues that defendants should have filed a motion or petition rather than a second Notice of Removal. ECF No. 20-1 at 1. Plaintiff is mistaken. Defendants followed the proper procedure for removal set forth by Section 1446.

## CONCLUSION

Accordingly, plaintiff's motion to remand this case to state court should be denied.[5]

---

[5] Plaintiff's request that the Court hold oral arguments on this motion, ECF No. 28, is denied.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED

_____/S/_____
LOIS BLOOM
United States Magistrate Judge

Dated: April 8, 2022
        Brooklyn, New York