UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ANTHONY V. GENTILE,

                 Plaintiff,

v.

AMERICAN EXPRESS COMPANY, et al.,

                 Defendants.

**MEMORANDUM AND ORDER ADOPTING REPORT AND RECOMMENDATION**

21-cv-7210 (LDH)

---

LaSHANN DeARCY HALL, United States District Judge:

    Anthony Gentile ("Plaintiff"), proceeding pro se, commenced a litigation against American Express Company, American Express National Bank, Provest, LLC, Feisal Adberahman, Zwicker & Associates, P.C., Letisha Noel, Esq., and Jason P. Verhagen, Esq. ("Defendants"), in New York Supreme Court, Kings County, on December 19, 2020. *See* Ex. 1, Not. of Removal, *Gentile v. Am. Express Nat'l Bank*, No. 21-cv-2392 (E.D.N.Y.), ECF No. 1. Among various state causes of action, Plaintiff alleged violations of the Fair Debt Collection Practices Act ("FDCPA"). *Id.* at 7. On April 30, 2021, Defendants timely removed the case pursuant to the federal courts' jurisdiction over federal questions under 28 U.S.C. § 1331 and 28 U.S.C. § 1441(a). Not. of Removal ("April 2021 Removal"), *id.*, ECF No. 1. On July 15, 2021, Plaintiff filed an amended complaint in federal court. Compl., *id.*, ECF No. 9. That complaint did not assert a claim under the FDCPA. *Id.* Thereafter, on September 9, 2021, the court remanded the case to state court for lack of subject matter jurisdiction. Remand Order, *id.*, ECF No. 14.

    On December 21, 2021, Plaintiff filed an amended complaint with the state court, reraising a claim under the FDCPA. (Ex. D ("December 2021 Complaint") ¶¶ 43–52, Defs.' Opp'n to Pl.'s Mot. Remand, ECF No. 18-4.) Defendants timely removed the case for a second

time on December 31, 2021. (Not. of Removal, ECF No. 1.) On January 31, 2022, Plaintiff moved for remand. (Pl.'s Mem. at 2, ECF No. 17-2.)

Plaintiff's motion was referred to Magistrate Judge Lois Bloom for report and recommendation. On April 8, 2022, Judge Bloom issued her report and recommendation ("R&R"), recommending that the Court deny Plaintiff's motion for remand. (R&R at 5, ECF No. 29.) Plaintiff objected to Judge Bloom's recommendation on June 1, 2022. (Pl.'s Objs., ECF No. 33.)

## STANDARD OF REVIEW

When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court conducts a de novo review of those portions of a report and recommendation to which a party submits a timely objection. *Id*. "To accept those portions of the report to which no timely objection has been made, 'the district court need only satisfy itself that there is no clear error on the face of the record.'" *Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd.*, 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (quoting *Urena v. New York*, 160 F. Supp. 2d 606, 609–10 (S.D.N.Y. 2001)).

## DISCUSSION

At the outset, removal in this case was plainly proper. If a case is not removable on "the initial pleading," a defendant may nevertheless remove the action within 30 days of receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S. Code § 1446. That is precisely what Defendants did here. In his December 2020 filing in state court, Plaintiff asserted claims under the FDCPA. Defendants timely removed the case at that time. Once the

case was removed to federal court in 2020, Plaintiff filed an amended complaint that no longer included claims under federal law. Accordingly, the court remanded the case for lack of subject matter jurisdiction. (At that time, the case was no longer removable.) Following remand, Plaintiff filed yet another an amended complaint. Significantly, in that amended pleading, Plaintiff again raised the previously withdrawn claims under the FDCPA. (The case became removable again.) Within 30 days of receipt of the amended complaint, Defendants removed the action. The removal was timely and procedurally sound.[1] *See* 28 U.S.C. § 1447(b).

Nevertheless, Plaintiff contends allowing the case to be removed a second time runs counter to the "interests of fundamental fairness." (Pl.'s Objs. at 4.) That is not the case here, where Defendants have acted promptly in response to Plaintiff's amended pleading. Indeed, the interests of fairness weigh in Defendant's favor. That is, Plaintiff cannot evade removal by strategically pleading and then removing claims under federal law.[2]

\*     \*     \*

Plaintiff's December 2021 complaint plainly presents a question of federal law, and Defendant timely removed the case to this Court upon the filing of the December 2021

---

[1] Plaintiff's argument that this was an improper "successive removal" is without merit. To be clear, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). The two removals here were based on two different pleadings—the first on Plaintiff's notice and summons filed in state court on December 19, 2020; and, the second on Plaintiff's December 21, 2021 complaint filed in state court following remand. Thus, Defendant's second removal, following the December 2021 Complaint, was not an attempt to appeal the September 2021 remand order. Plaintiff's reliance on *Fouad v. Milton Hershey School and School Trust*, 523 F.Supp.3d 648 (S.D.N.Y. 2021), is misplaced. In *Fouad*, defendants removed a case to federal court that was then remanded for lack of subject matter jurisdiction. *Id.* at 653. Upon remand, defendants filed another removal request. *Id.* However, defendants could not articulate new grounds for removal that had not already been rejected by the district count prior to remand. Accordingly, the court denied the renewed removal request as an improper attempt to appeal a remand order. *Id.*

[2] Plaintiff raises two additional objections with that are meritless: (1) that Judge Bloom "skewed the facts somewhat" because she characterized the December 19, 2020 filing in state court as a "complaint" rather than "a state court summons with notice," and (2) that Judge Bloom did not include all of the reasons why Plaintiff states he did not include an FDCPA claim in the July 15, 2021 complaint filed in federal court. These purported issues have no bearing on the merits of Plaintiff's motion for remand.

3

complaint. Accordingly, the Court agrees with Judge Bloom's determination that this Court has subject matter jurisdiction in this matter. As a result, Plaintiff's motion for remand is denied.

## CONCLUSION

For the foregoing reasons, Judge Bloom's R&R is ADOPTED in its entirety as the opinion of this Court. Plaintiff's motion for remand is DENIED. The Clerk of Court is respectfully directed to mail a copy of this memorandum and order to the pro se Plaintiff.

                                                        SO ORDERED.

Dated: Brooklyn, New York                /s/ LDH
       September 29, 2022               LaSHANN DeARCY HALL
                                          United States District Judge