UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ANTHONY GENTILE,

               Plaintiff,

          v.

AMERICAN EXPRESS CO., AMERICAN EXPRESS NATIONAL BANK, ZWICKER & ASSOCIATES, P.C., PROVEST, LLC, FEISAL ABDERAHMAN, LETISHA NOEL, ESQ., and JASON P. VERHAGEN, ESQ.

               Defendants.

**MEMORANDUM AND ORDER**

21-CV-7210 (LDH)

---

LaSHANN DeARCY HALL, United States District Judge:

    Anthony Gentile ("Plaintiff"), proceeding pro se, brings the instant action against American Express Company, American Express National Bank, Zwicker & Associates, P.C., ProVest, LLC, Feisal Abderahman, Letisha Noel, Esq., and Jason P. Verhagen, Esq. (collectively, "Defendants") asserting violations of the Fair Debt Collection Practices Act ("FDCPA"). Defendants ProVest, LLC and Feisal Abderahman (collectively, "ProVest Defendants") move pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure to dismiss the complaint in its entirety.

### BACKGROUND[1]

    In 2018, American Express National Bank (the "Bank") filed a consumer debt collection action against Plaintiff in New York state court, stemming from alleged credit card debt. (Am. Compl. ¶ 26, ECF No. 1.) In connection with the state court action, the Bank retained the

---

[1] The following facts taken from the amended complaint (ECF No. 1) are assumed to be true for the purpose of deciding the instant motion.

services of Zwicker & Associates, P.C., a debt collection firm, which in turn engaged ProVest to effect service on Plaintiff.  (*Id.* ¶¶ 13–15.)

Abderahman, a licensed process server, was hired by ProVest on a contract basis to serve Plaintiff with copies of the summons and complaint.  (*Id.* ¶¶ 10, 27.)  On May 16, 2018, Abderahman went to Plaintiff's address in Brooklyn to serve process, but failed to serve anyone on that date.  (*Id.* ¶¶ 27–28.)  Nevertheless, on May 30, 2018, Abderahman falsely swore in an affidavit that he had, in fact, served process on an individual at Plaintiff's residence, and the affidavit was filed with the court on June 4, 2018.  (*Id.* ¶¶ 29–30.)  Plaintiff consequently "had to attend court on numerous occasions when he could have been earning income or otherwise tending to ordinary life activities."  (*Id.* ¶ 79.)  The court subsequently held a traverse hearing on the issue of service of process, and Abderahman again gave false testimony regarding his service of Plaintiff.  (*Id.* ¶ 32.)  On December 19, 2019, the court found that Abderahman's service of process had been improper and dismissed the case due to Abderahman's "false and fraudulent testimony."  (*Id.* ¶¶ 34–35.)

Plaintiff alleges that as a result of being made to defend against the state court consumer debt action, Defendants, including ProVest Defendants, caused him the following injuries: "serious personal injuries including, but not limited to, lost earnings; economic and income losses; lost business; lost and wasted time; lost opportunities []; temporary separation and distraction from [his] usual lifestyle and activities; litigation expenses; extreme annoyance and aggravation; [and] temporary loss of enjoyment of life."  (*See* Notice of Removal, Ex. A at 8, ECF No. 1.)

## STANDARD OF REVIEW

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000). The plaintiff bears the burden of establishing beyond a preponderance of the evidence that subject-matter jurisdiction exists. *Id*. "In reviewing a Rule 12(b)(1) motion to dismiss, the court 'must accept as true all material factual allegations in the Complaint, but [the court is] not to draw inferences from the complaint favorable to plaintiff[ ].'" *Tiraco v. New York State Bd. of Elections*, 963 F. Supp. 2d 184, 190 (E.D.N.Y. 2013) (quoting *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004)). Further, "[i]n resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Makarova*, 201 F.3d at 113.

## DISCUSSION

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual cases or controversies." *Raines v. Byrd*, 521 U.S. 811, 818 (1997) (citations omitted). "To ensure that this bedrock case-or-controversy requirement is met, courts require that plaintiffs establish their standing as the proper parties to bring suit." *Langan v. Johnson & Johnson Consumer Companies, Inc.*, 897 F.3d 88, 92 (2d Cir. 2018) (quoting *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012)). To this end, a plaintiff may satisfy the standing requirement by establishing that he has "(1) suffered an injury-in-fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citations omitted).

ProVest Defendants move for dismissal of the amended complaint on the basis that Plaintiff has failed to sufficiently allege a "concrete and particularized injury-in-fact," and

therefore lacks standing. (Defs.' Mem. Supp. Mot. to Dismiss ("Defs.' Mem.") at 4, ECF No. 42-15.) The Court agrees.

An injury-in-fact is "an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Spokeo*, 578 U.S. at 339 (internal quotations omitted). "Central to assessing concreteness is whether the asserted harm has a 'close relationship' to a harm traditionally recognized as providing a basis for a lawsuit in American courts—such as physical harm, monetary harm, or various intangible harms[.]" *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2200 (2021) (citing *Spokeo*, 578 U.S. at 340–341). A statutory violation alone will not automatically satisfy the injury-in-fact requirement. *See Spokeo*, 578 U.S. at 341. ("Article III standing requires a concrete injury even in the context of a statutory violation.").

Here, Plaintiff fails to allege a concrete injury. Plaintiff alleges that he has suffered no physical injury, and the intangible injuries he alleges—specifically, that he "lost the opportunity to engage in activities of his choosing on the days in question where he was forced to go to court"—fail to raise the specter of concrete harm. (*See* Pl.'s Mem. L. in Opp'n to Defs.' Mot. Dismiss ("Pl.'s Opp'n") at 4, ECF No. 42-16.) That is, his allegations do not identify "any specific lost [] opportunity, or specific emotional injuries." *Gross v. TransUnion, LLC*, 607 F. Supp. 3d 269, 273 (E.D.N.Y. 2022) (finding that plaintiff's conclusory allegations that he suffered, among other things, lost opportunity, embarrassment, and emotional distress, were insufficient to support standing). Likewise, although Plaintiff makes a boilerplate allegation that he sustained lost earnings and litigation expenses, he fails to plead any specific facts that could

4

allow the Court to draw such an inference.[2] *See generally King v. J.B. Hunt Transport, Inc.*, No. 20-cv-5310, 2020 WL 6545905, at *2 (E.D.N.Y. Nov. 6, 2020) (remanding to state court because plaintiff's general allegations that they suffered "lost earnings" and "lost [] enjoyment of life," were insufficient, without more, to permit the exercise of federal jurisdiction).  Rather than identify any injuries with the specificity necessary for the Court to conclude that he has standing, Plaintiff argues instead that he "assume[d] that the details of his damages and loss in these respects can await discovery." (*See* Pl.'s Opp'n at 5.)  They cannot.  Plaintiff has not satisfied the injury-in-fact requirement element to establish standing to prosecute his claims.

## CONCLUSION

For the foregoing reasons, the ProVest Defendants' motion to dismiss is GRANTED.

SO ORDERED.

Dated: Brooklyn, New York  
June 27, 2023

/s/ LDH  
LaSHANN DeARCY HALL  
United States District Judge

---

[2] The Court further notes that Plaintiff would have sustained the same purported losses even if service had been effected properly, and Plaintiff himself concedes that he is not entitled to be compensated for attorneys' fees. (*See* Pl.'s Opp'n at 4, n.3.)

5