UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X  Case No.:
ANTHONY V. GENTILE,
                                                                                     1:21-cv-07210-LDH-HB
                             Plaintiff(s),
   -against-

                                                                                      Hon. LaShann DeArcy Hall,
AMERICAN EXPRESS COMPANY;                      DCJ
AMERICAN EXPRESS NATIONAL BANK;
ZWICKER & ASSOCIATES, P.C. (a law firm);         Oral Argument Requested
PROVEST, LLC (a licensed process serving
firm); FEISAL ABDERAHMAN (a licensed             Date of Service: 7/11/23
process server); LETISHA NOEL, ESQ.; and,
JASON P. VERHAGEN, ESQ.,

                             Defendant(s).
-------------------------------------------------------------------------X

# PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
# IN SUPPORT OF HIS MOTION TO REARGUE AND/OR RECONSIDER
ANTHONY V. GENTILE
6648 Ridge Boulevard
Brooklyn, NY 11220
(718) 492-1444
anthonyvgentile_esq@yahoo.com

*Plaintiff Pro Se*

# TABLE OF CONTENTS

Table of Authorities ................................................................................................... (ii)

A.      Preliminary Statement ................................................................................ 1

B.      Argument .................................................................................................... 1

C.      Conclusion ................................................................................................. 4

Table of Authorities

Page

**Cases**

*Bender v. Williamsport Area Sch. Dist.*,
    475 U.S. 534, 541 (1986) ................................................................................................. 3

*Carver v. City of New York*,
    621 F.3d 221, 226 (2d Cir. 2010) ..................................................................................... 2

*Firestone Tire & Rubber Co. v. Risjord*,
    449 U.S. 368, 379 (1981) ................................................................................................. 2

*King v. J.B. Hunt Transport, Inc.*,
    No. 20-cv-5310, 2020 WL 6545905, at *2 (E.D.N.Y. Nov. 6, 2020) ........................... 2-3

*Lerman v. Board of Elections in City of New York*,
    232 F.3d 135, n.9 (2d Cir. 2000) ...................................................................................... 2

*Mignogna v. Sair Aviation, Inc.*,
    937 F.2d 37 (2d Cir. 1991) ............................................................................................... 2

*Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*,
    435 F.3d 127, 131, 133–34 (2d Cir. 2006) ....................................................................... 3

**Statute(s)**

28 U.S.C. § 1447(c) ................................................................................................................ 3

A.      **PRELIMINARY STATEMENT**

This Memorandum, along with the accompanying Notice of Motion dated July 11, 2023, are respectfully submitted in support of Plaintiff's motion for an Order:

(i)     pursuant to, *inter alia*, Local Rule 6.3, for reconsideration and/or reargument of this Court's Memorandum and Order dated June 27, 2023 (Dkt. No. 43)("Order")(Ex. "A"), which Order dismissed Plaintiff's Complaint in its entirety as to Defendants, ProVest LLC and Feisal Abderahman, pursuant to their respective motion for such dispositive relief; and,

(ii)    upon such reconsideration and hearing such reargument, remanding the instant case to state court as to the aforesaid Defendants only; and,

(iii)   granting such other and further relief as the Court deems just, equitable and/or proper.

B.      **ARGUMENT**

Plaintiff brings this case complaining of abuse of process and malicious prosecution, among other things. For the statement of facts, the Court is respectfully referred to its own Order wherein the Court found that Defendant herein process server Feisal Abderahman, committed perjury in connection with service of process and a traverse hearing involving the Plaintiff.

Although Plaintiff respectfully disagrees with the Court's contention that Plaintiff did not plead an injury in fact, Plaintiff is not addressing that specific issue herein. Rather, the primary issue Plaintiff addresses herein is the ultimate disposition of the case.

Here, the Court incorrectly <u>dismissed</u> the case when, in fact, the case, as against the moving defendants only, should have been <u>remanded</u> to state court as a matter of course once the

1

Court found federal jurisdiction to be lacking.  Accordingly, Plaintiff respectfully requests a new Order remanding the instant action to state court as to Defendants herein, ProVest LLC and Feisal Abderahman only.

Here, the Court essentially found that Plaintiff had no standing in this matter because he purportedly failed to alleged a concrete injury, or injury in fact, and thus the Court had no jurisdiction over the matter.  *See* Order at pp. 4-5.  This is now the law of the case.

The question of whether a plaintiff has standing is distinct from the question of merits.  *Lerman v. Board of Elections in City of New York*, 232 F.3d 135, n.9 (2d Cir. 2000).  *See also*, *Carver v. City of New York*, 621 F.3d 221, 226 (2d Cir. 2010)(holding that, "[t]he standing question is distinct from whether [a plaintiff] has a cause of action.").

The Supreme Court of the United States has held, "[a] court lacks discretion to consider the merits of a case over which it is without jurisdiction. . . ."  *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 379 (1981).  *See also*, *Mignogna v. Sair Aviation, Inc.*, 937 F.2d 37 (2d Cir. 1991), *citing and quoting*, *Firestone*, *supra* (other citation omitted).  By dismissing the case, instead of remanding it state court, this Court exercised its jurisdiction completely contrary to the established law, thereby prejudicing the Plaintiff, and depriving him of his constitutional right to Due Process, that is, the opportunity to be heard by a court of competent jurisdiction, even if the instant court was not such a court.

Based on the above, a partial remand of this case to state court was and is the only option, was and is the necessary option, and was and is the proper option.  This is firmly and fully established by the very case law decision cited by the Court itself, to wit, *King v. J.B. Hunt*

*Transport, Inc.*, No. 20-cv-5310, 2020 WL 6545905, at *2 (E.D.N.Y. Nov. 6, 2020). *See* Order at p. 5.

The Court's parenthetical following this case cite reads as follows: "<u>remanding to state court</u> because plaintiff's general allegations that they suffered 'lost earnings' and 'lost [] enjoyment of life,' were insufficient, without more, to permit the exercise of federal jurisdiction" (all punctuation and quotation marks in original; emphasis added). Thus, this Honorable Court is pointedly aware that remand to state court was and is the necessary, proper and only result here, as opposed to dismissal -- the latter of which constituted an impermissible ruling on the merits -- but the Court nonetheless inexplicably failed to effectuate the required remand.

The aforesaid *King* case states:

> As a threshold matter, the Court first must address whether it may remand this case to the state court *sua sponte*<u>, absent a motion from Plaintiff</u>. The relevant statute states in pertinent part:
>
>> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under [S]ection 1446(a). <u>If at any time before final judgment[1] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded</u>.
>
> 28 U.S.C. § 1447(c). The Second Circuit has construed this statute as authorizing a district court, *at any time*, to remand a case *sua sponte* upon a finding that it lacks subject matter jurisdiction. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133–34 (2d Cir. 2006) (*citing Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).

*King* at 1 (all emphasis supplied). Accordingly, upon finding that Plaintiff lacked standing, the Court was instantly divested of jurisdiction, and was thereby required to *sua sponte* remand this

3

---

[1] There is no final judgment in the case.

case to state court, <u>without reaching the merits</u>, and irrespective of whether Plaintiff even prosecuted the instant motion or not.

**C.   CONCLUSION**

Wherefore, for all the foregoing reasons, and those set forth in the accompanying Notice of Motion, Plaintiff respectfully requests that the Court reconsider its Order that is the subject of this motion and, upon such reconsideration and the instant reargument, promptly remand the case to state court as to Defendants, ProVest LLC and Feisal Abderahman, only, and granting such other and further relief as the Court deems just, equitable and/or proper.

Dated: July 11, 2023
     New York, New York

                              Sincerely and respectfully submitted,

                              /s/ *Anthony V. Gentile*
                              Anthony V. Gentile

                              *Plaintiff Pro Se*


To: all ECF registrants in this case via efile.