UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ANTHONY V. GENTILE,

                    Plaintiff,

          -against-

AMERICAN EXPRESS COMPANY,
AMERICAN EXPRESS NATIONAL BANK,
ZWICKER & ASSOCIATES, P.C., LETISHA
NOEL, ESQ. and  JASON P. VERHAGEN, ESQ.,

                  Defendants.

**MEMORANDUM AND ORDER**

21-cv-7210 (LDH) (LB)

---

Anthony V. Gentile ("Plaintiff"), an attorney,[1] brings the instant action against American

Express Company, American Express National Bank, Zwicker & Associates, P.C., Letisha Noel,

Esq., and Jason P. Verhagen, Esq. (collectively, "Defendants") asserting claims under the Fair

Debt Collection Practices Act ("FDCPA") and under New York state common law for abuse of

process, negligence, and prima facie tort.[2]  Defendants move pursuant to Federal Rule of Civil

Procedure 12(b)(6) to dismiss Plaintiff's New York state law claims.

---

[1] Plaintiff is not entitled to the special solicitude typically afforded pro se litigants because he is an attorney.  *See, e.g.*, *Bank v. U.S. Dep't of Health & Human Servs.*, 708 F. App'x 43, 44 (2d Cir. 2018) (summary order) ("Although *pro se* litigants are generally entitled to special solicitude, Bank is not because he is an attorney.") (citing *Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010)).

[2] Plaintiff has withdrawn his malicious prosecution claim.  (*See* Pl.'s Opp'n to Defs.' Mot. to Dismiss ("Pl.'s Opp'n") at 1, ECF No. 62-3.)

## BACKGROUND[3]

Plaintiff was a defendant in a lawsuit brought in the Kings County civil court by

American Express National Bank and its retained counsel, Zwicker & Associates, to collect on

an alleged debt.  (Am. Compl. ¶¶ 14, 22–23, ECF No. 19-7.)  That action commenced on May

16, 2018, when a process server purported to serve a complaint and summons upon Plaintiff at

his residence.  (*Id.* ¶ 27.)  However, the process server did not serve process to anyone that day

in connection with the debt collection action.  (*Id.* ¶ 28.)  Nevertheless, in an affidavit dated May

30, 2018, the process server attested that he delivered the summons and complaint.  (*Id.* ¶ 29.)

On June 4, 2018, Defendants filed the May 30 affidavit with the state court to obtain the court's

jurisdiction over Plaintiff and opposed Plaintiff's motion to dismiss the action based on improper

service of process.  (*Id.* ¶¶ 30–31.)  At an August 7, 2019 traverse hearing to determine whether

there was proper service of process, the process server falsely represented that he had delivered

the summons and complaint.  (*Id.* ¶ 32.)  Thereafter, Defendants continued to argue that the

summons and complaint were properly served upon Plaintiff until December 19, 2019, when the

state court dismissed the matter for improper service.  (*Id.* ¶¶ 33–34.)  A year later, on December

20, 2020, Plaintiff filed this lawsuit in New York state court against Defendants, which after

being removed and remanded, was removed to federal court once more on December 31, 2021.

## STANDARD OF REVIEW

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

---

[3] The following facts are taken from the amended complaint and are assumed to be true for the purpose of this memorandum and order, unless otherwise indicated.

(2007)).  A claim is facially plausible when the alleged facts allow the court to draw a

"reasonable inference" of defendants' liability for the alleged misconduct.  *Id.*  While this

standard requires more than a "sheer possibility" of defendants' liability, "[i]t is not the [c]ourt's

function to weigh the evidence that might be presented at trial" on a motion to dismiss.  *Id.*;

*Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999).  Instead, "the

[c]ourt must merely determine whether the complaint itself is legally sufficient, and, in doing so,

it is well settled that the court must accept the factual allegations of the complaint as true."

*Morris*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999) (citations omitted).

## DISCUSSION[4]

### I.    Abuse of Process

Under New York law, a claim for "abuse of process concerns the use of lawfully issued

process to accomplish some unjustified purpose."  *Manhattan Enter. Grp. LLC v. Higgins*, 816 F.

App'x 512, 514 (2d Cir. 2020) (citing *Bd. of Educ. of Farmingdale Union Free Sch. Dist. v.*

*Farmingdale Classroom Teachers Ass'n, Inc., Local 1889*, 38 N.Y.2d 397, 400 (1975)).  To state

a claim for abuse of process, a plaintiff must allege: "(1) regularly issued process, either civil or

criminal; (2) an intent to do harm without excuse or justification; and (3) use of the process in a

---

[4] Defendants argue that the one-year statute of limitations has run on each of Plaintiff's claims.  (Defs.' Mem. in Supp. of Mot. to Dismiss ("Defs.' Mem.") at 3, 7–8, ECF No. 62-1.)  Plaintiff argues the continuing wrong doctrine applies and preserves the timeliness of his claims.  The continuing wrong doctrine "is an exception to the general rule that the statute of limitations runs from the time of the breach though no damage occurs until later."  *Henry v. Bank of America*, 48 N.Y.S.3d 67, 69 (N.Y. App. Div. 1st Dep't 2017) (internal quotation marks, citation omitted).  It is "usually employed where there is a series of continuing wrongs and serves to toll the running of a period of limitations to the date of the commission of the last wrongful act."  *Selkirk v. State*, 671 N.Y.S.2d 824, 825 (N.Y. App. Div. 3d Dep't 1998).  According to Plaintiff, each filing Defendants made in support of the underlying collection action was a distinct wrong that created a series of individual injuries.  (Pl.'s Opp'n at 8–9.)  But, there's a "distinction . . . between a single wrong that has continuing effects and a series of independent, distinct wrongs[.]"  *Henry*, 48 N.Y.S.3d at 69.  In any event, Plaintiff's Amended Complaint is deficient on its merits.

perverted manner to obtain a collateral objective." *Curiano v. Suozzi*, 63 N.Y.2d 113, 116 (1984). Although the crux of a claim for abuse of process "lies in the improper use of process after it is issued," *Manhattan Enter. Grp.*, 816 F. App'x at 514, plaintiffs are not "require[ed]" to allege "some improper conduct after issuance of process," *see Parkin v. Cornell Univ.*, 78 N.Y.2d 523, 530 (1991). Defendants argue that Plaintiff's claim for abuse of process must be dismissed because he has not properly stated this claim. (Defs.' Mem. at 4.) The Court agrees.

According to the amended complaint, Defendants misused legal procedure by filing and maintaining the collection action against Plaintiff. (Am. Compl. ¶ 63.) But, the law is clear that "the institution of a civil action by summons and complaint is not legally considered process capable of being abused." *Curiano*, 63 N.Y.2d at 116; *see also Krause & Krause v. Gelman*, 167 A.D.2d 299, 300 (N.Y. App. Div. 1st Dep't 1990) (noting that the "service of a summons and complaint or counterclaim is not 'process' susceptible of tortious abuse, even if maliciously motivated").

In an effort to survive dismissal, Plaintiff insists that he relies upon more than mere commencement of the collection action. (Pl.'s Opp'n at 10.) In so arguing, Plaintiff relies primarily on the allegation that the process server gave false testimony to the court in the underlying action. (*Id.*) It is true that New York State Appellate Division has held that allegations of "sewer service"—the fraudulent service of process on a debtor by a creditor seeking to obtain default judgment—are sufficient to state a cause of action for abuse of process. *See Phillipe v. Am. Exp. Travel Related Servs. Co.*, 174 A.D.2d 470, 470 (N.Y. App. Div. 1st Dep't 1991). This is so where there are allegations of a "large scale pattern" of sewer service and false affidavits of service. *Id.* However, Plaintiff does not allege that Defendants have engaged in a "large scale pattern" of sewer service. Indeed, the amended complaint is utterly

devoid of any facts from which the Court may draw an inference that Defendants improperly attempted to obtain the court's jurisdiction over Plaintiff.  (*See generally* Am. Compl.)

Even assuming Plaintiff sufficiently alleged abuse of regularly issued process, he fails to allege that Defendants acted with an intent to do harm without excuse or justification.  Plaintiff appears to concede that fact in his opposition by admitting to intentionally failing to pay the debt owed under the contract.  (*See* Pl.'s Opp'n at 2 n.1 ("Plaintiff here intentionally breached his contract with the creditor . . . .").)  Plaintiff's abuse of process claim fails because "an attempt to collect a money judgment is a justification for the use of process negating a required element of the tort of abuse of process—a purpose to do harm without economic or social justification." *BWP Media USA Inc. v. Death Adders Inc.*, No. 13-CV-4435, 2015 WL 13653968, at *2 (E.D.N.Y. Apr. 6, 2015) (citation and quotation marks omitted).

## II.    Prima Facie Tort

To state a prima facie tort claim, a plaintiff must allege that (1) the defendant intentionally inflicted harm on the plaintiff (2) that resulted in special damages, (3) without excuse or justification, (4) by an act or series of acts that otherwise would have been lawful and (5) the defendant's sole motive was to harm the plaintiff.  *Posner v. Lewis*, 18 N.Y.3d 566, 566 n.1 (2012).  The first element requires "disinterested malevolence," that is, "the plaintiff cannot recover unless the defendant's conduct was not only harmful, but done with the sole intent to harm." *Twin Labs., Inc. v. Weider Health & Fitness*, 900 F.2d 566, 571 (2d Cir. 1990)).  Accordingly, "motives other than disinterested malevolence, 'such as profit, self-interest, or business advantage' will defeat a prima facie tort claim." *Id.* (internal citations omitted).

Defendants argue that this claim should be dismissed because it fails to allege that they intentionally inflicted harm on Plaintiff. (Defs.' Mem. at 6.) Again, the Court agrees.

Here, Plaintiff's prima facie tort claim fails for the same reason as his abuse of process claim. None of Plaintiff's allegations support an inference that Defendants acted solely with disinterested malevolence. To the contrary, the amended complaint itself supports the inference that at least one reason Defendants instituted the underlying debt collection action was to collect a debt owed by Plaintiff. (*See* Am. Compl. ¶¶ 22–26 (alleging that Defendants brought the underlying action against him to collect on an alleged debt).) This allegation wholly undermines Plaintiff's claim.

## III.    Negligence

To prevail on a negligence claim, a plaintiff must establish the existence of a legal duty, a breach of that duty, proximate causation, and damages. *Fox v. Marshall*, 88 A.D.3d 131, 135 (N.Y. App. Div. 2d Dep't 2011). A duty of reasonable care owed by the defendant to a plaintiff is critical to the plaintiff's negligence claim. *Id.* "Absent a duty of care, there is no breach, and without breach there can be no liability." *Id.* Typically, "[a] defendant . . . has no duty to control the conduct of third persons . . . to prevent them from harming others." *D'Amico v. Christie*, 71 N.Y.2d 76, 88 (1987). Certain special relationships between a defendant and a third party may, however, give rise to a duty such that the defendant is required to control the third person to protect others. *See Fay v. Assignment Am.*, 245 A.D.2d 783, 784-85 (N.Y. App. Div. 3d Dep't 1997). Defendants contend that Plaintiff's negligence claim fails to allege a plausible duty of care owed by Defendants to Plaintiff. (Defs.' Mem. at 7.) The Court agrees.

Here, there is simply no legal duty owed by Defendants to Plaintiff.  And, Plaintiff has failed to plead a special relationship between Defendants and the process server that could create a duty of care.  For example, there are no allegations in the amended complaint from which the Court may draw the inference that Defendants employed the service processor.  *See D'Amico*, 71 N.Y.2d at 88 ("Under the doctrine of respondeat superior, for example, an employer may be liable for acts of its employees in the course and scope of employment.").  Indeed, Plaintiff alleges only that Defendants acted negligently "in the selection, screening, retaining, utilization of, disciplining, supervision, and/or management of agents, servants, vendors, and/or employees."  (Am. Compl. ¶ 80.)  As to Zwicker & Associates, it is well-settled that legal counsel cannot be liable on this claim because "New York law does not recognize any liability on the part of an attorney to a nonclient third party for injuries sustained as a result of an attorney's actions in representing his client absent fraud, collusion, or a malicious or tortious act." *New York Tile Wholesale Corp. v. Thomas Fatato Realty Corp.*, 153 A.D.3d 1351, 1355 (N.Y. App. Div. 2d Dep't 2017).

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the causes of action brought under New York law in Plaintiff's amended complaint is GRANTED with prejudice.

SO ORDERED.

Dated: Brooklyn, New York　　　　　　/s/ LDH
　　　September 30, 2024　　　　　　LASHANN DEARCY HALL
　　　　　　　　　　　　　　　　United States District Judge

7